"EMC CHAMBERS COPY"

DANIEL R. MILLER (Bar No. 126893)
 (e-mail: drm@msandr.com)
WILLIAM D. PAHLAND, JR. (Bar No. 215332)
 (e-mail: wdp@msandr.com)
MILLER, STARR & REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone: (925) 935-9400
Facsimile: (925) 933-4126

E-filing

Attorneys for Defendant and Counterclaimant
BAYWOOD PARTNERS, INC.,
a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DARLING INTERNATIONAL, INC., formerly known as Darling-Delaware Company, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAYWOOD PARTNERS, INC., a California corporation; REGAN HOLDING CORP., a California corporation,<br><br>Defendants.<br><br>BAYWOOD PARTNERS, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>DARLING INTERNATIONAL, INC., formerly known as Darling-Delaware Company, Inc., a Delaware corporation, and ROES 1 through 25, inclusive,<br><br>Counterdefendants. | No. C 05 3758-EMC<br>[ASSIGNED FOR ALL PURPOSES TO MAGISTRATE JUDGE EDWARD M. CHEN]<br><br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND ORDER SEALING DOCUMENTS<br><br>Trial: February 20, 2007 |

-1-

STIPULATED PROTECTIVE ORDER

LA\1642452.1

The parties to this action, by and through their respective undersigned counsel, hereby stipulate and agree to the requested entry of the following protective order:

1. In connection with discovery proceedings in this action, Darling International Inc. ("Darling"), Baywood Partners, Inc. ("Baywood"), or third parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, or work, or to the amount or source of any income, profits, losses, or expenditures, of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of Darling or its affiliates. Confidential information includes information related to real estate development proposals and/or offers obtained from third parties not involved in this action, and further includes the working papers associated with analysis of the processes, operations, or work, or the amount or source of any income, profits, losses, or expenditures, of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of a fiduciary.

2. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Confidential, unless otherwise indicated by the producing party.

4. If Confidential Material is used as exhibits at a deposition, arrangements shall be made with the court reported taking and transcribing such proceeding to separately bind

-2-

such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately.

5.  If Confidential Material is utilized as exhibits in settlement conferences, mediation, arbitration or other dispute resolution, the documents shall be submitted in a confidential manner and returned to counsel at the conclusion of the proceeding.

6.  Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the associate, paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, if deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) a mediator, arbitrator or other private dispute resolution facilitator; and

(f) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7.  Disclosure of Confidential Material at depositions shall only occur in the presence of qualified persons.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

-3-

STIPULATED PROTECTIVE ORDER

LA\1642452.1

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this court.

10. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its Confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and third parties under subpoena in this action, without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality of nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

14. The parties agree to be bound by the terms of this Order pending its entry by the court, or pending the entry of an alternative thereto which is satisfactory to all parties, and

```
 1  any violation of its terms shall be subject to the same sanctions and penalties as if the Order had
 2  been entered by the court.
 3          15.     This Order may be signed in counterparts.
 4
 5  Dated: October 17, 2006                      LATHAM & WATKINS LLP
 6
 7                                               By: /s/ Robert D. Crockett
 8                                                   ROBERT D. CROCKETT
                                                     Attorneys for Plaintiff and Counter-
 9                                                   Defendant DARLING INTERNATIONAL,
                                                     INC.
10
11  Dated: October __, 2006                     MILLER, STARR & REGALIA
12
13                                               By: /s/ Daniel R. Miller
14                                                   DANIEL R. MILLER
                                                     Attorneys for Defendant and
15                                                   Counterclaimant
                                                     BAYWOOD PARTNERS, INC.,
16                                                   A CALIFORNIA CORPORATION
17
18
                                        ORDER
19
            IT IS SO ORDERED.
20
21
22  DATED:  10/24/06                             /s/ Edward M. Chen
23                                               EDWARD M. CHEN
                                                 United States Magistrate Judge
24
25
26
27
28
                                              -5-
                              STIPULATED PROTECTIVE ORDER
LA\1642452.1
```

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, a "qualified person" pursuant to the terms of the Stipulated Protective Order in the matter of *Darling International, Inc. v. Baywood Partners, Inc., et al.*, United States District Court, Northern District of California Case No. C-05-3758 EMC, hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in that action, which is attached hereto as Exhibit 1, has read same and agrees to be bound by all of the provisions thereof.

Dated: _____     By: _____