UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLING INTERNATIONAL, INC., | No. C-05-3758 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CONFORM TO JUDGMENT** |
| BAYWOOD PARTNERS, INC., *et al.*, | |
| Defendants. | **(Docket No. 212)** |
| _____/ | |

    Plaintiff Darling International, Inc. has filed a post-trial motion asking permission to file an amended complaint in order to add a claim for unjust enrichment. According to Darling, this amendment would merely conform the complaint to the evidence presented at trial and would be reflective of the Court's ruling that Defendant Baywood Partners, Inc.'s "unwarranted delay in closing on the Property was at Darling's expense and for Baywood's benefit." Mot. at 2. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** the motion to amend.

## I. DISCUSSION

    Federal Rule of Civil Procedure 15 governs amendments to pleadings. Under Rule 15(b),

> [w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment . . . .

Fed. R. Civ. P. 15(b).

A district court has discretion in deciding whether or not to permit an amendment under Rule 15(b). *See Campbell v. Board of Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499, 506 (9th Cir. 1987) (noting that an abuse of discretion applies with respect to proposed amendments under Rule 15(a) and that the same standard would be applied to a proposed amendment under Rule 15(b)). There are several reasons why an amendment is not appropriate in the instant case.

First, as indicated by the language of the rule above, an amendment is only permitted "if it is found that the parties either expressly or impliedly consented for a trial of the issues not raised in the pleadings." *Id.* Darling has failed to demonstrate consent by the parties -- either by Baywood or, for that matter, itself.

Darling does not contend Baywood expressly consented. Rather, it contends Baywood implicitly consented. However, courts have generally declined to find implied consent by the opposing party "when [the] evidence supporting an issue allegedly tried by implied consent is also relevant to other issues actually pleaded and tried." 3-15 Moore's Fed. Prac. -- Civ. § 15.18[1]. *See, e.g.*, *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 232 (1st Cir. 2003) ("'Consent to the trial of an issue may be implied if, during the trial, a party acquiesces in the introduction of evidence which is relevant only to that issue.' But 'the introduction of evidence directly relevant to a pleaded issue cannot be the basis for a founded claim that the opposing party should have realized that a new issue was infiltrating the case.'"); *United States v. 890 Noyac Rd.*, 945 F.2d 1252, 1257 (2d Cir. 1991) ("Failure to object to evidence that is relevant to both pled and unpled issues does not imply consent to try the unpled issue, . . . 'absent some obvious attempt to raise [it].'"); *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 332 (5th Cir. 1994) ("Recognition of whether an unpleaded issue has entered the case at trial depends on whether the evidence supporting the issue is also relevant to another issue in the case. If the evidence overlaps in this fashion, it does not equate to implied consent absent a clear indication that the party who introduced the evidence was attempting to raise a new issue.") (internal quotation marks omitted); *see also Campbell*, 817 F.2d at 506 ("While it is true that a party's failure to object to evidence regarding an unpleaded issue may be evidence of implied consent to a trial of the issue, it must appear that the party understood the evidence was introduced to prove the unpleaded issue."). As the Wright and Miller treatise notes,

"[t]he reasoning behind this view is sound since if evidence is introduced to support basic issues that already have been pleaded, the opposing party may not be conscious of its relevance to issues not raised by the pleadings unless that fact is made clear." Wright & Miller, Fed. Prac. & Proc. § 1493. In the instant case, the evidence of Darling's remediation beyond commercial standards was relevant to pleaded issues in the case -- *e.g.*, the scope of Darling's remediation obligations under the Agreement and whether those obligations were satisfied. Darling admits as much in its reply brief when it states that "[t]he issue of what remedial endpoints were required by the Agreement versus what performance was undertaken by Darling was one of the principal issues in the trial." Reply at 3.

With respect to consent by Darling, there is no evidence to suggest that Darling introduced the evidence of its remediation up to residential standards with the intent to establish unjust enrichment. *See id.* at 506-07. Indeed, it is clear that Darling purposefully elected not to raise the unjust enrichment claim at trial. As Baywood points out, in October 2006, well before trial, Darling contemplated amending its complaint to add such a claim, as reflected by the parties' joint case management statement submitted at the time. *See* Docket No. 124 ("On October 18, 2006, Darling informed Baywood of its intent to move for leave to amend its First Amended Complaint to add a claim for unjust enrichment. Baywood has not yet decided if it will oppose the motion."). Ultimately, Darling decided not to move to amend to add the claim. Consequently, Darling cannot "consistently claim [now] that [it] intentionally introduced the evidence to support the [unjust enrichment] claim and that [Baywood] knowingly acquiesced." *Id.* at 507; *cf. Deere & Co. v. Johnson*, 271 F.3d 613, 622 (5th Cir. 2001) (noting that, "[i]f, as [plaintiff] argues, a quantum meruit claim was implicitly understood by both parties, [plaintiff] surely would have objected to the verdict form, which provided no basis for a quantum meruit award in favor of Deere"). The sequence of events also negates any claim of express consent by Baywood.

Second, the point of Rule 15(b) is judicial economy. *See Deere*, 271 F.3d at 621-22 (noting that the purpose of Rule 15(b) "is judicial economy" -- "[i]f the parties either expressly or implicitly consented to having a matter litigated, and the evidence provides the court with sufficient guidance to resolve the matter, amending the pleadings saves judicial resources"); Wright & Miller, Fed. Prac.

-3-

1  & Proc. § 1491 (noting that Rule 15(b) was designed "'to avoid the tyranny of formalism' that was a
2  prominent characteristic of former practice and to avoid the necessity of a new trial, which often
3  followed a deviation from the pleadings"). Here, if the Court were to allow the amendment
4  proposed by Darling, the Court would have to conduct a new trial on at least the amount of
5  restitution to which Darling would be entitled as well as possibly the facts which would inform
6  whether an equitable claim for unjust enrichment would actually lie. Moreover, discovery would
7  need to be reopened in order for Baywood to present a defense to the claim. *But see Branche v.*
8  *Hetzel*, 241 Cal. App. 2d 801, 803-04 810-11 (1966) (noting that, following trial, the lower court
9  granted plaintiff leave to amend her complaint to conform to proof to add a claim of unjust
10 enrichment but that the trial court failed to make findings on the claim; ordering a new trial limited
11 to the issue of unjust enrichment, in particular, what damages were suffered by defendants as a result
12 of plaintiff's breach which would offset the restitution otherwise due to plaintiff).
13     Finally, the Court notes that denial of the amendment is not unjust in the instant case since,
14 as noted above, Darling clearly contemplated bringing a claim for unjust enrichment but then made
15 the strategic decision not to pursue the claim. Any delay in raising the unjust enrichment claim is
16 largely of Darling's own making. Moreover, as this Court found, Darling itself contributed to the
17 delay in completing or terminating this transaction.

## II.  CONCLUSION

19     Accordingly, for the reasons stated above, the amendment proposed by Darling is not
20 justified and Darling's motion for leave to amend is denied.
21     This order disposes of Docket No. 212.

23     IT IS SO ORDERED.

25 Dated: October 2, 2007

                                                                    _____
26                                                                  EDWARD M. CHEN
                                                                    United States Magistrate Judge

-4-